IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JASON SHAWN PETTIT                                                              PLAINTIFF

V.                                           No. 16-04089

JUSTIN WESTFALL,
MALLORY EVANS,
ASHLEY VAILES, and
DERRICK BUNN                                                                    DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the undersigned for report and recommendation is the Motion for Leave to Proceed IFP (Doc. 1) filed August 26, 2016 and his Complaint filed under 42 U.S.C. §1983 filed on the same day. (Doc. 2). The case was transferred from the Eastern District of Arkansas on September 23, 2016 and an Order Granting IFP status was entered on September 27, 2016. (Doc. 6).

**I. Background**

The Plaintiff basically contest the revocation of his parole and contends that an injunction should be issued against the parole board from holding hearings until he is found guilty at trial. (Doc. 2, p. 16).

The Petitioner received a Notice of Parole Violation from Malloy Evans on May 5, 2016 for an incident occurring on April 29, 2016. (Doc. 2, p. 23). It appears that a revocation hearing was conducted on May 15, 2016 by Ashley Vailes. (Doc. 2, p. 19). At the hearing the State was represented by Area Parole Officer Westfall, who testified. Officer Bunn testified as well as Fay

-1-

Tanner for the State. (Id.). According to Ms. Vailes summary Ms. Tanner testified that she is the grandmother of the Petitioner and that on the day of the incident "she was sitting on the end of the couch and Mr. Petit was standing over her and had a knife that was 6 to 8 inches long. He was two feet away from her and said that he would cut her throat. Then he said that he would cut his own throat. Then he threw the knife and it hit a picture and knocked it down breaking it. Id., p. 20.

The Petitioner testified and denied the grandmother's account but acknowledged they were arguing. The Petitioner's daughter (Kara Petit) testified that she was on the phone with her dad and that Ms. Tanner and her dad were arguing but she did not hear any threats. Id.,

Officer Bunn testified that he initially responded to a call from Ms. Tanner that "her grandson was messing her house up by throwing knives and threatening to kill himself". After receiving additional information from Agent Westfall he called Ms. Tanner back and she confirmed that the Petitioner had threatened to kill her. He arrested the Petitioner for Terroristic Threatening. (Id., p. 20).

The hearing officer found that the Petitioner had violated the conditions of his parole by a preponderance of the evidence, revoked his parole, and he was committed to the Arkansas Department of Correction. (Id., p. 21). The Petitioner appealed his revocation (Doc. 2, pp. 41-56) and the revocation was affirmed on appeal by the Arkansas Parole Board. (Id., p. 57).

According to the Arkansas Department of Corrections ("ADC") web site the Petitioner is currently in the ADC, Benton Work Release Center, evidently on a parole violation.

## II. Discussion

Pursuant to 28 U.S.C. § 1915(e), the Court has the obligation to screen any complaint in

which the Plaintiff seeks to proceed *in forma pauperis* (IFP).  Section 1915(e)(2)(B)(I-iii) provides that on review, the court "shall dismiss the case at any time if the court determines that . . . the action or appeal–(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

In *Heck v. Humphrey* the U.S. Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under a§ 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.*"  Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372-73, 129 L. Ed. 2d 383 (1994)

The Heck rule was applied by the 8th Circuit in 2007 which held that "[A]pplying Heck, we agree with the district court that the favorable-termination rule bars Entzi's suit. If Entzi's challenge to the State's decision on sentence-reduction credits were to succeed, it "would

-3-

necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487, 114 S.Ct. 2364. Therefore, the claim may be pursued only in an action for habeas corpus relief." *Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007). It is noteworthy that the Entzi case involved a parole violation on allegations of false testimony and is on point with the Plaintiff's contentions.

The Plaintiff's assertions contest the validity of his revocation and his contention is that he should not have been revoked until he was found guilty of the Terroristic Threatening charge. To revoke probation or a suspended sentence, the burden is on the State to prove a violation of a condition by a preponderance of the evidence, and on appellate review the trial court's findings will be upheld unless they are clearly against the preponderance of the evidence. *Lemons v. State*, 310 Ark. 381, 836 S.W.2d 861 (1992). Evidence that is insufficient to support a criminal conviction may be sufficient to support a revocation. Id. *Thompson v. State*, 342 Ark. 365, 368-69, 28 S.W.3d 290, 292 (2000). The hearing officers finding that, by a preponderance of the evidence, the Petitioner had violated his parole was clearly supported by the evidence. Even so, since the Plaintiff has failed to allege or show that his revocation has been invalidated his claim **under section 1983** cannot proceed.

### III. Conclusion

Accordingly, I recommend that the complaint be dismissed as the claims asserted are frivolous or fail to state claims upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(I-ii). Dismissal of this case will constitute a strike under 28 U.S.C. § 1915(g). For this reason, the Clerk should be directed to put a § 1915(g) strike flag on the case.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this September 29, 2016

*/s/ J. Marschewski*
HON. JAMES R. MARSCHEWSKI
U. S. MAGISTRATE JUDGE