IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JASON SHAWN PETTIT                                                                                    PLAINTIFF

v.                                              Case No. 4:16-cv-4089

JUSTIN WESTFALL;
MALLORY EVANS;
ASHLEY VAILES; and
DERRICK BUNN                                                                                        DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed September 29, 2016, by the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 7). Judge Marschewski recommends that Plaintiff Jason Shawn Pettit's case be dismissed pursuant to 28 U.S.C. § 1915(e)(2) on the grounds that Plaintiff's claims are frivolous or fail to state claims upon which relief may be granted. Plaintiff, proceeding *pro se* and *in forma pauperis*, filed objections to the Report and Recommendation. (ECF No. 11). The Court finds the matter ripe for consideration.

Plaintiff filed his complaint under 42 U.S.C. § 1983 after his parole was revoked and he was committed to the Arkansas Department of Correction. Plaintiff's complaint asserts multiple claims under § 1983 and contests the validity of his parole revocation, specifically arguing that the revocation hearing should not have been held until after he was tried and convicted of the parole-violating offense, and that his parole status was wrongfully revoked based on insufficient evidence. Plaintiff's complaint seeks injunctive relief—halting the State of Arkansas' parole-revocation hearings until alleged constitutional deficiencies are corrected—as well as money damages from Defendants.

In his Report and Recommendation, Judge Marschewski recommends that Plaintiff's

complaint should be dismissed because Plaintiff seeks money damages through a § 1983 action challenging the validity of his parole revocation without alleging or showing that his sentence was already invalidated. Judge Marschewski stated that if Plaintiff's § 1983 action for money damages was to succeed, it would necessarily imply the invalidity of his parole revocation. Judge Marschewski reasoned that because Plaintiff has not demonstrated that his parole revocation was rendered invalid, the Supreme Court's decision in *Heck v. Humphrey* prevents Plaintiff's § 1983 action from proceeding.

Plaintiff's objections are not responsive to Judge Marschewski's Report and Recommendation. Instead, Plaintiff restates the arguments in his complaint, specifically, that his parole officer knowingly gave false testimony which led to his parole revocation, and that his parole status should not have been revoked because the felony he was charged with was dropped prior to the revocation hearing.

Plaintiff's objections offer neither law nor fact which would cause the Court to deviate from Judge Marschewski's Report and Recommendation. The Court finds that Plaintiff's claims are barred by *Heck*. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under *Heck*, a state prisoner like Plaintiff who seeks damages in a § 1983 lawsuit cannot succeed if doing so would necessarily imply the invalidity of his conviction or sentence. *Id.* Therefore, Plaintiff may only pursue his claim in an action for habeas relief.

For the reasons discussed above, the Court overrules Plaintiff's objections and adopts the Report and Recommendation *in toto*. (ECF No. 7). Plaintiff's case is **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to place a strike flag on the case.

**IT IS SO ORDERED**, this 15th day of March, 2017.

                                                      /s/ Susan O. Hickey
                                                     Susan O. Hickey
                                                     United States District Judge